# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CEDAR HILL ASSOCIATES, INC., )
JOEL JASTROMB, ALAN COLE and )
DAWN KEACH, )
                                                      )
          Plaintiffs,      ) No. 04 C 0557
                                               )
    v.                   ) Wayne R. Andersen
                                  ) District Judge
DAVID S. PAGET, )
                                      )
          Defendant. )

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on defendant's motion for summary judgment. For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff Cedar Hill Associates, Inc. ("CHA"), along with its Chief Executive Officer Joel Jastromb, Chief Operating Officer Alan Cole and Administrative Principal Dawn Keach, brought this suit against former employee defendant David S. Paget ("Paget") after he allegedly accessed 1,098 messages in his coworkers' e-mail accounts without authorization. CHA, a wealth-management company, invested in two hedge funds in the course of its business. *See* Def. Motion at 2. The general partner of those funds was a corporation called R Squared in which Jastromb owned 70 percent of R Squared's shares in a trust and Paget owned 30 percent. *Id.* Jastromb and Paget also owned a 70/30 split in a limited-liability company called Jovid, which was hired by R Squared to manage the hedge funds. *Id.* Paget and Jastromb's relationship soured by late 2002 because, according to Paget, Jastromb wanted to "roll Paget's equity interest in R Squared and Jovid into CHA, under terms that Paget felt were unacceptable." *Id.* at 3. Various

business maneuverings not relevant to this decision took place prior to June 10, 2003, when Paget ultimately was discharged from his position at CHA. *Id.*

Plaintiffs allege that Paget began attempting to access Jastromb's e-mail account in December 2001, but that he was unsuccessful until December 2002. *See* Pl. Resp. at 3. Additionally, from December 2001 through June 2003, Paget accessed several other CHA e-mail accounts, including those of Cole and Keach, using both his home and office computer. *Id.* Paget would mark e-mails "unread" after he opened them so that the account owner would not know that they had been accessed. *Id.* In one instance, Paget e-mailed a confidential list of CHA clients to his home computer. *Id.* at 4. Paget invoked his Fifth Amendment privilege against self-incrimination when queried about these activities during his deposition. *See* Pl. Local R. 56.1(b)(3)(B) Statement of Material Facts, Exh. M.

CHA's network administrator discovered the e-mail breaches on June 9, 2003, and over the course of twelve hours, he created a 98-page log documenting Paget's activity by examining when Internet Protocol addresses assigned to Paget's home and office computers accessed accounts other than Paget's. *See* Pl. Response at 4-5. Jastromb fired Paget the next day. Paget subsequently filed an action in the Circuit Court of Cook County on October 28, 2003, alleging that CHA and Jastromb had wrongfully diverted corporate assets and had unjustly enriched themselves at Paget's expense. *See* Def. Motion at 4. Cedar Hill filed the suit in this Court on January 23, 2004. *Id.*

## DISCUSSION

Four counts in plaintiffs' amended complaint (one each for the corporate entity and the individual plaintiffs) are premised on Title II of the Electronic Communications Privacy Act

2

("ECPA"), 18 U.S.C. § 2701 *et. seq.*, and the remaining counts are state statutory and common-law claims involving computer tampering and invasion of privacy. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

Paget has filed a motion for summary judgment as to the federal claims, in which he asserts that plaintiffs' amended complaint should be dismissed because they have suffered no actual damages, an element he believes is critical to their action. He further requests that this Court, upon dismissing the federal claims, transfer the remaining state-law claims to state court. Because this Court does not read 18 U.S.C. § 2701 *et. seq.* as requiring actual damages as a precursor to recovery, Paget's motion is denied.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). A court considers the evidence in a light most favorable to the non-moving party and draws all inferences in its favor. *See Anderson*, 477 U.S. at 255.

The ECPA provides that whoever "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to that facility; and thereby obtains, alters, or prevents authorized access

3

to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section." 18 U.S.C. § 2701(a) (2002). Section (b) lists several criminal penalties, ranging from a fine to imprisonment for up to ten years. Section 2707, at issue in this case, expands the ECPA's reach to the civil arena, and provides as follows:

> (a) Cause of Action. ... any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.
>
> (b) Relief. In a civil action under this section, appropriate relief includes –
>
>> (1) such preliminary and other equitable or declaratory relief as may be appropriate;
>> (2) damages under subsection (c); and
>> (3) reasonable attorney's fee [sic] and other litigation costs reasonably incurred.
>
> (c) Damages. **The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000.** If the violation is willful or intentional, the court may assess punitive damages. In the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court. ...
>
> 18 U.S.C. § 2707 (emphasis added).

The crux of Paget's summary judgment motion is that plaintiffs have not shown any actual damages, and therefore, they are not entitled to any relief under the ECPA. Plaintiffs have responded that they have shown actual damages, but even if they have not, they are not required to under a plain reading of the statute or its statutory text.

The ECPA's civil action provision has been used surprisingly sparingly, and as such, the necessity of actual damages has not been previously decided. Yet from a plain reading of the

4

statute, it appears clear that actual damages are not required to recover under the ECPA, as long as a defendant "intentionally accesses without authorization a facility through which an electronic communication service is provided." 18 U.S.C. § 2701(a)(1). In this case, it seems clear that Paget intentionally accessed his coworkers' e-mail accounts without authorization and therefore violated the ECPA. Although plaintiffs may not have suffered financial damages, the ECPA provides that plaintiffs would be entitled to recover a minimum of $1,000, and if the violation was willful or intentional, the Court may assess punitive damages.

Paget urges the Court to analogize the ECPA to the Privacy Act of 1974. Recently, the United States Supreme Court held that in order for a plaintiff to recover from the government for violations of the Privacy Act, the plaintiff must suffer actual damages. *See Doe v. Chao*, 540 U.S. 614, 627 (2004). The language at issue in the Privacy Act is admittedly very similar to the language in the ECPA. Specifically, the Privacy Act states that when an agency action is "intentional or willful, the United States shall be liable to the [claimant] in an amount equal to the sum of – (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and (B) the costs of the action together with reasonable attorney fees as determined by the court." 5 U.S.C. § 552a(g)(4). The Supreme Court held that the "entitled to recovery" language referred to the immediate preceding clause, i.e. a person entitled to recovery was one who had sustained actual damages. *Doe*, 540 U.S. at 620. However, when Doe cited the ECPA as authorizing true liquidated damages remedies, the Supreme Court refused to analogize the ECPA's legislative history to that of the Privacy Act. *Id.* at 626. Without disputing Doe's contention, the Supreme

Court stated that the "legislative histories of completely separate statutes passed well after the Privacy Act" were not a reliable source of statutory interpretation. *Id.* at 626-27.

In fact, the legislative history of the ECPA indicates that actual damages were to be included in a damage award, but not the exclusive award. *See* S. Rep. No. 99-541 at 43 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, 3597. The Senate Report also states that, while a subscriber to a computer mail system has authorization to access his portion of the facilities storage, an individual who accesses the storage of other subscribers without specific authorization would violate the ECPA. *See* S. Rep. No. 99-541 at 36, *reprinted in* 1986 U.S.C.C.A.N. 3555, 3590. This reasonably distinguishes the ECPA and the Privacy Act and underscores that the damage that the ECPA seeks to prevent is an invasion of privacy, not merely instances where a transgressor capitalizes on such an invasion.

## CONCLUSION

For the foregoing reasons, defendant David S. Paget's motion for summary judgment is denied.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: December 9, 2005